SALINA A. CHARLTON, appellant,

*v.*

COLUMBIA REAL ESTATE COMPANY, respondent.

[Argued March 16th, 1904. Decided March 6th, 1905.]

A signed but undelivered lease may be given in evidence to prove an agreement upon the details of a lease, pursuant to one of the terms of a previously signed memorandum in writing of an oral agreement for a lease; and if said previous memorandum of agreement for a lease and the signed but undelivered lease, taken together, show a completed agreement upon the terms of a lease, the statute of frauds is satisfied, and specific performance may be decreed.

On appeal from a decree advised by Vice-Chancellor Grey, whose opinion is reported in *64 N. J. Eq.* (*19 Dick.*) *681.*

*Mr. Allen B. Endicott* and *Mr. Enoch A. Higbee,* for the appellant.

*Mr. George A. Bourgeois,* for the respondent.

The opinion of the court was delivered by

FORT, J.

The bill in this case is filed for the specific performance of an alleged agreement to make a lease. The written memoranda in evidence to prove the alleged agreement consisted of two writings, as follows:

"Agreement made this seventh day of May, between Columbia Real Estate Co., of the first part, and Mrs. Charlton, of Atlantic City, of the second part, witnesseth, that the party of the first part will make a lease for ten years of a certain building on their grounds in rear of stores, to contain about eighty feet in width by one hundred feet in depth, with a fourteen feet entrance from boardwalk, the consideration to be a rental of

twelve hundred dollars per annum, payable yearly in advance, lease to date from June 15th, 1901. The party of the first part to be put to no expense whatever in this matter, and security to be given for the rent.

"COLUMBIA REAL ESTATE CO.,

"BY H. J. BERGMAN, *Agt.*,

"Witnessed by                                    "S. A. CHARLTON.

"IDA J. ATKINSON."

"Received, Atlantic City, May 7th, 1901, of Mrs. S. A. Charlton, one hundred dollars on acc. of agreement for lease to be made to Mrs. Charlton, for which details are to be settled on.

"COLUMBIA REAL ESTATE CO.,

"BY H. J. BERGMAN, *Agt.*"

The vice-chancellor found that these two papers were signed and passed at the same time and relate to the same transaction, and must be deemed parts of one instrument. With this conclusion we agree.

These papers, standing alone, would not justify a decree for specific performance. By their terms it is stated that other details are to be settled between the parties. Unless it was shown, therefore, by other writing signed by the defendant that such details had been agreed upon, the bill must be dismissed.

There was proof in the cause of negotiations between the parties looking to an agreement as to the details of the proposed lease under the terms of the writings of May 7th, 1901, and a draft of a lease was offered in evidence, signed by the complainant, which it was alleged embraced all the details under the said writings of May 7th, 1901, as finally agreed upon in the negotiations between the parties. It was not disputed that a draft of lease containing all the details was prepared for the purpose of carrying out the agreement contained in the writings of May 7th, 1901. It was admitted that it was so prepared for the defendant by his attorney. A duplicate of this detailed lease was sent by the defendant to the complainant for her acceptance and signature.

That these details were accepted by the complainant is evidenced by her signature to the paper sent to her, as it appears in evidence. To establish that these details had also been agreed upon and accepted by the defendant, in compliance with the writings of May 7th, 1901, the complainant offered to prove-

that the defendant had signed a duplicate of the paper in evidence signed by the complainant. ·

To make this proof the complainant called for the production of said duplicate, as signed by the defendant, and upon this point the record is as follows:

"*Henry J. Bergman,* sworn for complainant.

"Direct examination by Mr. Higbee.

"*Q.* You are one of the officers of the Columbia Real Estate Company?

"*A.* Yes, sir.

"*Q.* You are the Mr. Bergman who had negotiations with Mrs. Charlton, the complainant, are you not?

"*A.* I am.

"*Q.* Look at *Exhibit C 1*—did you ever see that before?

"*A.* I think I have.

"*Q.* When and where?

"*A.* About the latter part of May, or the early part of June, at Mr. Bourgeois' office.

"*Q.* You know whether or not there was a duplicate prepared of that?

"*A.* Yes, sir.

"*Q.* Who has the duplicate?

"*A.* I have it.

"*Q.* Where is it now?

"*A.* Mr. Bourgeois has it.

"Mr. Higbee—We ask for the production of the duplicate.

"Mr. Bourgeois—Here it is [producing it].

"*Q.* [Paper produced by Mr. Bourgeois being handed to counsel for complainant, he shows it to the witness and asks]—'Who is Orro G. Leonard, who has signed his name as president?'

"[Objected to as irrelevant.]

"The Vice-Chancellor—What significance has this?

"Mr. Higbee—We want to show that this lease, in duplicate, was executed by the Columbia Real Estate Company.

"The Vice-Chancellor—What difference does that make?

"Mr. Higbee—If the lease which was produced to us, having been prepared by their attorney, and which we signed, and also the duplicate, which they acknowledge to be a duplicate, is signed by the defendant himself, it certainly goes to show, it seems to me, that those were the terms agreed upon by the parties.

"The Vice-Chancellor—An undelivered though signed contract, remaining in the possession of the parties bound by it, has no legal efficacy. It is only when the party obligated has passed it over to the other party that it becomes of any binding effect. The paper marked *Exhibit C 1* is in no way obligatory upon Mrs. Charlton, because it remained in her possession. The paper here produced on call by the attorney for the defendant is no obligation whatever upon the Columbia Real Estate Company, because it remained in the hands of the attorney for the Columbia Real Estate Company. The mere execution gave it no force or effect; it is its delivery that gives it force."

In excluding this offer of proof, we think the learned vice-chancellor erred. The writing was admissible in evidence. This offer was not made to prove a lease, but to prove by this writing, taken in connection with the writings of May 7th, 1901, that all the terms or details of the proposed lease had been fully agreed upon by writings signed by the party to be charged therewith.

It is clear, as the vice-chancellor held, that the duplicate signed by the defendant's president could not become a lease until it was *delivered,* but it was none the less a memorandum in writing, signed by the defendant, showing the details of the proposed lease, as they had been agreed upon between the parties pursuant to the memoranda of May 7th, 1901.

Our statute reads as follows:

"That no action shall be brought  *  *  *  (4) upon any contract or sale of lands, tenements or hereditaments, or any interest in or concerning them,  *  *  *  unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized." *2 Gen. Stat. p. 1603 § 5.*

The signing by the complainant is immaterial; only the party to be charged therewith need sign. *Reuss* v. *Picksley, L. R. 1 Exch. 342 (35 L. J. 218)*; *1 Benj. Sales p. 279 § 255; Laythoarp* v. *Bryant, 2 Bing. N. C. 744; Fry Spec. Perf. § 346; Seton* v. *Slade, 7 Ves. 265; Hatton* v. *Gray, 2 Ch. Cas. 164; Green* v. *Richards, 23 N. J. Eq. (8 C. E. Gr.) 32; Reynolds* v. *O'Neil, 26 N. J. Eq. (11 C. E. Gr.) 223; Hawralty* v. *Warren, 18 N. J. Eq. (3 C. E. Gr.) 124, 126; Brooks* v. *Wentz, 61 N. J. Eq. (16 Dick.) 474; Howland* v. *Bradley, 38 N. J. Eq. (11 Stew.) 288; Stoutenburgh* v. *Tompkins, 9 N. J. Eq. (1 Stock.) 332, 334.*

Nor is it necessary that all the terms of the contract be agreed to at one time, nor written down at one time, nor on one piece of paper. If all the papers, taken together, contain the whole bargain, they form such a memorandum as will satisfy the statute. *1 Benj. Sales p. 236 § 220; Johnson* v. *Buck, 35 N. J. Law (6 Vr.) 338, 343; Peck* v. *Vandemark, 99 N. Y. 30; Ide* v. *Leiser,*

*24 Am. St. Rep. 17; Raubitschek* v. *Blank, 80 N. Y. 478; 29 Am. & Eng. Encycl. L. 852 (note 2 for cases).*

Nor does it signify to whom the memorandum is addressed; it may be to a third person, and yet be a good writing to satisfy the statute of frauds. Form is not important. *Brown St. of Fr.* § *354a; Bateman* v. *Phillips, 15 East 272; Lee* v. *Cherry, 4 Am. St. Rep. 800; Moss* v. *Atkinson, 44 Cal. 3; Hollis* v. *Burgess, 37 Kan. 487; Moore* v. *Mountcastle, 61 Mo. 424; Barnett* v. *McCree, 76 Hun 610; Singleton.* v. *Hill, 91 Wis. 51.*

The reason for this is clear. The memorandum is only necessary to *evidence* the contract, not to *constitute* it. As Chief-Justice Tindal says, in *Laythoarp* v. *Bryant, supra,* "the contract is made before any signature thereof by the parties."

The memorandum or note is only to evidence what the contract was. To prevent perjury as to such contracts, the statute declares that evidence of what the contract was must be contained in some memorandum or note in writing, signed by the party to be charged therewith. When the memorandum exists, and is legally given in testimony, it becomes evidence of the contract claimed to have been made. The memorandum is not the contract, but only evidence of the contract.

We think that the complainant had the right to put in evidence the signed duplicate of the detailed proposal for a written lease which she contended had been prepared by the defendant and signed by it. It was evidence of an agreement upon the details mentioned in the writings of May 7th, 1901, and if such writings, when taken together, show a completed agreement for a lease, they satisfy the requirements of the statute of frauds.

This is not a question of the admission of a signed deed in evidence to prove an oral agreement to convey, where no previous written memorandum of any part of the oral agreement exists. Nor is it a question whether the delivery of an undelivered deed, duly signed and acknowledged, said to have been drawn to carry out an oral agreement to convey, will be decreed by the court. The question here is simply this: Will the court, in a suit for specific performance of an oral agreement to make a lease, admit in evidence all the paper writings signed by the parties to the negotiation, even though some of the papers be signed

but undelivered instruments, in order to see, when all the papers are taken together, whether they contain the completed terms for a lease as agreed, so that a decree may be made?

We think this question must be answered in the affirmative.

Judge Harlan, speaking for the supreme court of the United States, in a case where a memorandum of the agreement of sale was made in which details were left to be fixed, and a deed was executed and sent for examination, as the duplicate lease was in this case, says: "Whatever may be said as to the effect of this deed in passing title, if it was delivered only for the purpose of examination, or if the previous memorandum of sale had been for any reason defective under the statute of frauds, its recitals, coming as they do from the vendor, are competent for the purpose of showing the precise locality of the property which the memorandum of sale was intended to embrace." *Ryan* v. *United States, 136 U. S. 68, 84.*

Whether, where no signed memorandum of the oral agreement has been made, a signed but undelivered instrument, said to have been drawn to carry out the oral agreement, will alone be resorted to to satisfy the statute, it is not necessary to decide in this case. The courts differ upon that proposition.

In *29 Am. & Eng. Encycl. L. (2d ed.) 855, tit. "Verbal Agreements," notes 12 and 13,* will be found a citation of all the authorities in the several states affirming or denying that an undelivered executed deed will satisfy the statute. They are so variant that I shall not attempt to reconcile them, and, indeed, it is not necessary to do so upon the only question necessary to be decided in this case.

If *Brown* v. *Brown,* decided by this court, can be taken as an authority for an undelivered executed instrument not being a sufficient memorandum to satisfy the statute, which is not decided, still that case is not in conflict with the view here expressed, as there was not there any written memorandum of the agreement to give the assignment there sought to be specifically enforced, unless it was permissible to gather it from the signed but undelivered assignment in evidence alone. *Brown* v. *Brown, 33 N. J. Eq. (6 Stew.) 650.*

There was error in the refusal to admit the offer of the

signed duplicate of the undelivered lease in evidence, and for this there must be a reversal.

Upon all the other questions raised in the case we think the complainant had complied with the terms of the agreement on her part and that for none of these should specific performance of the agreement have been denied her.

I shall vote to reverse the decree and to remit the record to the court of chancery for further proceedings in accordance herewith.

*For affirmance*—THE CHIEF-JUSTICE, PITNEY, VREDENBURGH, VROOM, GREEN—5.

*For reversal*—DIXON, GARRISON, FORT, SWAYZE, BOGERT, GRAY—6.