DAVID TURKINGTON, complainant-respondent,

*v.*

LILLIE ZUBER, administratrix of the estate of Henry Smith, deceased, et al., defendants-appellants.

[Submitted May 29th, 1926.   Decided October 18th, 1926.]

1. Specific performance of an alleged contract for the sale of real property will not be decreed unless the existence and essential terms of the contract be clearly proved. It must be shown that a contract

has been concluded. If it be reasonably doubtful whether the contract was finally closed, equity will not interfere by decreeing a specific performance. Nor will it interfere when the evidence leaves the agreement as to any of its essential terms in uncertainty.

2. The purchase price of the property, and the amount of the mortgage which was to be given for some part of the purchase-money, are essential terms of a contract for the purchase of real property, specific performance of which is sought.

3. Where the negotiations for the sale of real estate have been conducted by parol, or are partly evidenced by a writing duly signed and partly rest in parol, and specific performance is sought on the ground of part performance, the terms of the contract must appear clearly, definitely and unequivocally to the satisfaction of the court, and such performance must be clearly referable to the execution of the contract, and not to some other relation, in order to justify a decree of specific performance by a court of equity, notwithstanding the statute of frauds.

4. Possession of the property by the vendee, or payment for repairs thereon, in order to constitute part performance of an alleged parol contract for the sale of real estate, must, as a matter of fact, clearly appear to have been taken or made in pursuance and in the execution of the contract, and to have resulted therefrom, and not from some other relation. Where the vendee, who seeks specific performance, was in possession of a part of the property as tenant of the vendor, and the latter was in possession of the other part at the time the alleged contract of sale was made, and the status of possession was not changed at the time of the death of the vendor when the bill was filed, and where the unimportant repairs which the complainant caused to be made, and which he paid for, were of the same kind he had made and paid for before the alleged contract of sale was ever contemplated, specific performance will not be decreed upon the ground of part performance of the alleged contract.

On appeal from a decree advised by Vice-Chancellor Berry.

*Messrs. Kalisch & Kalisch (Mr. Harry Kalisch* on the brief), for the appellants.

*Mr. Milton M. Unger,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

The bill in this case was filed by the complainant to compel the specific performance of an alleged contract made between him and Henry Smith, the intestate of the defendants, for

the sale of lands and premises owned by Smith in Westfield, New Jersey.

The defendants are the administratrix and the heirs-at-law of the deceased.

At the conclusion of the hearing the learned vice-chancellor considered that the complainant was entitled to the relief sought, and advised a decree accordingly.

After careful consideration of the evidence we have reached a contrary conclusion.

The situation was this: Smith was the owner of the property in question in 1923. At that time the complainant was in possession of a part of it, under a lease from Smith. The latter occupied the remaining portion of the premises, conducting there a grocery store, and boarded with the complainant. The complainant's claim was that on June 1st, 1923, an oral contract was entered into, by the terms of which Smith was to convey to him this property, give him credit on account of the purchase price for an indefinite amount which Smith owed him, and receive in satisfaction of the remainder of the purchase-money a mortgage. It is conceded that thus far the terms of the contract were not fixed. Some time in the fall of the year the complainant went to Mr. Simandl, a lawyer in Newark, to consult him with relation to the matter. Some weeks later, at Mr. Simandl's suggestion, the complainant and Smith came to his office to discuss the matter, but no definite agreement was then made, even orally, that is, the terms of the contract were not agreed upon, certain matters being left open, to be thereafter determined by the parties, who were then to come back to Mr. Simandl's office to have the necessary papers drawn. They never in fact came back. On January 8th, 1924, a letter was sent to Mr. Simandl, purporting to be signed by the complainant and Smith, referring to the "contract" that was to be drawn by him, but not specifying the terms thereof.

It is clear that this letter, assuming it to have been signed by Smith, was insufficient to support a decree for specific performance. Specific performance will not be decreed unless the existence and essential terms of the contract be clearly

proved. It must be shown that a contract has been con-cluded. If it be reasonably doubtful whether the contract was finally closed, equity will not interfere by decreeing a specific performance. Nor will it interfere when the evidence leaves the agreement as to any of its essential terms in uncertainty. *Brown* v. *Brown, 33 N. J. Eq. 650; McKibbin* v. *Brown, 14 N. J. Eq. 13; affirmed, 15 N. J. Eq. 498.* This paper-writing on its face disclosed that the contract had not been concluded. It contemplated a contract for the sale of the property and payment therefor partly in cash or its equivalent and partly by a purchase-money mortgage. It contained an express direction for the draft of a "contract" —not for the preparation of a deed and mortgage—and was entirely silent as to the purchase price of the property and as to the amount of the mortgage. It was therefore silent as to essential terms. *Woodruff* v. *Woodruff, 44 N. J. Eq. 349; Welsh* v. *Bayaud, 21 N. J. Eq. 186; Moore* v. *Galupo, 65 N. J. Eq. 194; Potts* v. *Whitehead, 20 N. J. Eq. 55; McKibbin* v. *Brown, 14 N. J. Eq. 13.*

Not only did the letter in question fail to state the terms of the alleged contract, but no paper-writing was ever signed by Smith, or by any person authorized by him, specifying the terms thereof, within the requirements of section 5 of the statute of frauds. *Comp. Stat. p. 2612.*

The complainant, however, did not rely entirely upon a written contract, but relied in part upon the testimony of Mr. Simandl, that, after the receipt of this letter, and in January, 1924, he was put in possession of the necessary information by talk with Smith over the telephone, to enable him to draw the deed and mortgage. In point of fact he never drew them, and accounts for his failure so to do in part by the temporary absence of Smith and in part by his own engagements in Canada in the trial of a murder case. It does not appear how long he was gone nor when he returned. Smith returned the latter part of March from his visit to Florida, and remained in charge of, and in possession of, his grocery business on the premises until his death on June 4th, 1924. He died of pulmonary tuberculosis.

It is therefore quite clear that the complainant's case fails unless he has shown performance of the contract in whole or in part.

Now, the complainant contends that he has properly proved part performance. We are constrained to think that he has not.

Where the negotiations for the sale of real property have been conducted by parol, or are partly evidenced by a writing duly signed and partly rest in parol, and specific performance is sought on the ground of part performance, the terms of the contract must appear clearly, definitely and unequivocally to the satisfaction of the court *(Wharton* v. *Stoughtenburgh, 85 N. J. Eq. 266)*, and such performance must be clearly referable to the execution of the contract, and not to some other relation, in order to justify a decree of specific performance by a court of equity, notwithstanding the statute of frauds. *Cooper* v. *Colson, 66 N. J. Eq. 328; Brown* v. *Brown, 33 N. J. Eq. 650; Wallace* v. *Brown, 10 N. J. Eq. 308.*

Tested by that rule we believe that part performance has not been shown.

In this connection the complainant contends that his possession of the property, and the fact that he 'caused certain unimportant repairs to be made to the property and paid for them, justifies a decree in his favor. We think not.

Possession of the property by the vendee, or his payment for repairs thereon, in order to constitute part performance of an alleged parol contract for the sale of real estate, must, as a matter of fact, clearly appear to have been taken or made in pursuance and in execution of the contract, and to have resulted therefrom and not from some other relation. *Cooper* v. *Colson, supra; Vreeland* v. *Vreeland, 53 N. J. Eq. 387; Wharton* v. *Stoughtenburgh, supra; Brown* v. *Brown, supra; Wallace* v. *Brown, supra.* Here the proofs do not satisfy that test. Before and at the time the contract for sale was alleged to have been made the complainant was in possession of a part of the premises as a tenant of Smith, and the latter was in possession of the other part in the conduct of his grocery

business. As we read the evidence, both continued their respective possessions until Smith died, on June 4th, 1924. In other words, there was no change in the status of possession from the time the contract for sale is alleged to have been made until ·Smith's death, when the bill was filed. The repairs which the complainant caused to be made to the property from time to time and paid for, were of the same kind (as we read the evidence) he had made and paid for, for Smith's benefit, before any transfer of the property was contemplated, and which he claimed were a part of the consideration of the contract. They seem, therefore, to involve matters which could be recovered back or adequately compensated for in damages, and do not justify the conclusion that what he did was done as equitable owner.

The decree under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 15.