This is a motion for summary judgment. The plaintiff seeks the partition of certain real estate formerly held by the plaintiff, John Delnero, and the defendant, Mary Serra, then Mary Delnero, as tenants by the entirety. The plaintiff and Mary Serra, formerly Mary Delnero, having been divorced in 1946, the property is now held by them as tenants in common. The answer sets up as a bar to partition an alleged agreement by the plaintiff not to seek partition. It also charges that the defendant, Mary Serra, made large disbursements for taxes, insurance and for the upkeep of the property.
In the affidavit filed by the defendant, Mary Serra, in opposition to the motion for summary judgment it is stated that Delnero and the defendant Mary Serra, then Mary Delnero, separated in the summer of 1943. Shortly after the separation, at the request of Delnero, she went to the office of a lawyer and *Page 352 
discussed the property. Defendant alleges that Delnero stated that he no longer was going to pay the charges incident to the upkeep of the property and that if defendant desired to assume the charges, he would deed the property to her. The parties separated with the intention of meeting the next day to execute a deed. They did not meet again and no deed was ever signed. Mary Serra has continued to occupy the property.
Assuming for the purposes of the motion the truth of the affidavit of Mary Serra, the most that is shown is an oral agreement to convey an interest in real estate. Such an agreement is unenforceable under the statute of frauds unless there is such a part performance by the promisee that repudiation by the other party would amount to a fraud. And the part performance relied upon must be clearly referable to the execution of the contract and not to some other relation. Turkington v. Zuber,100 N.J. Eq. 285; Wujciak v. Wujciak, 140 N.J. Eq. 487. Tested by the rule, the defendant has failed completely to show part performance. The expenditures relied on by the defendant to support her allegation of part performance were those which a tenant in common in sole possession of the common property would be required to make. And, in addition, the expenditures were not made in reliance upon the oral agreement since before they were made the defendant had learned of Delnero's refusal to sign a deed.
There will be judgment for partition and sale. A date will be set for the taking of testimony upon the accounting phases of the litigation. Rule 3:56-3. *Page 353