182 N.J. Super. 259 (1981)
440 A.2d 480
ALAN J. BRECHMAN, PLAINTIFF,
v.
ADAMAR OF NEW JERSEY, INC., A SUBSIDIARY OF RAMADA INNS, INC., DEFENDANT.
Superior Court of New Jersey, Chancery Division Atlantic County.
Decided October 16, 1981.
*261 Barry C. Brechman for plaintiff.
Stephen Hankin for defendant (Hankin & D'Amato, attorneys).
GIBSON, J.S.C.
This action seeks specific performance of an alleged commercial lease. Defendant denies the existence of the lease and moves to have the complaint dismissed. R. 4:46-2. The agreement relied on to sustain plaintiff's claim is in writing and signed by the parties, but it is silent with respect to the duration of the tenancy. On the other hand, it is alleged that there was a contemporaneous oral agreement that the lease would run for five years. The primary question thus raised by this motion is whether the agreement, as written, is enforceable within the requirements of the statute of frauds, N.J.S.A. 25:1-1 et seq.; and if not, may the missing term be supplied by parol evidence? For the reasons to be stated below, it is the opinion of the court that both questions must be answered in the negative.
The factual setting within which these issues are framed may be summarized as follows: Defendant is a subsidiary of Ramada Inns, Inc. and is the developer of a proposed hotel casino in Atlantic City known as the Tropicana. In October 1980, when the proposed casino was still under construction, representatives of defendant entered into negotiations with one Robert Mitchell, plaintiff's assignor, concerning a lease of commercial space within the hotel. A verbal agreement was reached and on October 23, 1980 a representative of defendant directed a letter to Mitchell entitled "Potential Lease of Retail Shop at the Proposed Tropicana Hotel/Casino." The letter recited the fact that, upon the receipt of a deposit of $2,000, defendant would hold open 1,900 square feet of space for a period of 60 days the space to be used as an ice cream parlor. Lessee was to make all necessary interior and exterior improvements, subject to the approval of the lessor "in its sole discretion." Sketches and lay-outs were to be submitted with 60 days. A rental figure of *262 $45 a square foot was stipulated and the terms of the agreement required the approval of the Casino Control Commission pursuant to N.J.A.C. 19:41-1.2. In the event that the schedules outlined were not met, defendant reserved the right to retain the deposit as liquidated damages and to terminate the agreement. There was no mention concerning the duration of the lease, although plaintiff claims that it was orally agreed that it was to be for five years with an option for an additional five-year period. There was also no provision regarding a commencement date.
The letter was signed by the parties and Mitchell made a deposit of $2,000. Requests were thereafter made to defendant to provide architectural drawings of the site. Plaintiff claims that these were needed by its own architect in order to prepare the plans and sketches required by the terms of the agreement. No plans were provided by defendant, however, and the time limits contained in the letter were never met. On January 21, 1981 defendant addressed a letter to Mitchell rescinding the agreement, "since none of the terms or conditions [had] ... been met." On February 25, 1981, despite the attempted rescission, Mitchell purported to assign his rights in the alleged lease to plaintiff Alan J. Brechman. Defendant had no knowledge of the assignment and did not consent to it. On June 9, 1981 plaintiff instituted this suit seeking specific performance. Defendant attempted to return the deposit on June 25, 1981, but it was refused.
An assessment of the enforceability of the October 23, 1980 agreement requires the examination of a combination of legal and equitable principles. For example, since the complaint seeks specific performance, equity requires that the contract be clear, definite and precise before such relief may be granted. Dechtman v. Sidpaul, 178 N.J. Super. 444, 453 (App.Div. 1981). There are, in addition, certain legal standards which must be met, the most significant of which appears to be the statute of frauds, N.J.S.A. 25:1-1 et seq.
*263 Independent of the many rules of construction developed by common law, the Legislature of this State has established a class of contracts which may not be enforced absent certain specified requirements. Any parol lease of real estate which exceeds three years, for example, is unenforceable in law or equity and is treated as a tenancy at will. N.J.S.A. 25:1-1; Sayre v. Roseville Motor Co., 85 N.J.L. 10 (Sup.Ct. 1913). In addition, N.J.S.A. 25:1-5(d) precludes the enforceability of contracts involving an "interest in or concerning" real estate unless the agreement is in writing and signed by the party to be charged, or some other person lawfully authorized by the party to be charged. This provision has been held to include leases of real estate exceeding three years. Colalillo v. Kaiser, 5 N.J. Misc. 595, 598 (Sup.Ct. 1927); Cooper v. Aiello, 93 N.J.L. 336, 338 (Sup.Ct. 1919). Given plaintiff's claim that the agreement here was for at least five years, the statute clearly applies. The initial question thus becomes whether the letter of October 23, 1980 meets the requirements of the statute.
It is the general rule in New Jersey that a writing, in order to comply with the statute of frauds,
... must contain all the essential terms of the bargain, expressed with such certainty that they may be ascertained from the writing itself, without the aid of oral evidence. Nothing can be added or supplied by parol proof, for the introduction of evidence of that kind would let in, at once, all the evils which the statute was designed to suppress. [Schenck v. Spring Lake Beach Improvement Co., 47 N.J. Eq. 44, 49 (Ch. 1890)]
See also Jacobson v. Lambert, 109 N.J. Eq. 88, 90 (E. & A. 1931). Whether a particular agreement contains "all the essential terms of the bargain" is not always clear. 72 Am.Jur.2d, Statute of Frauds, § 341 (1974). Most courts agree, however, that the essential terms include an adequate description of the property, a definite term (including the commencement date), the agreed rental and the manner of payment. Id. at 865; cf. Berg Agency v. Sleepworld-Willingboro, Inc., 136 N.J. Super. 369, 376 (App.Div. 1975).
In arguing for the unenforceability of the writing alleged to constitute a lease here, defendant points to a number of *264 provisions claimed to be missing from the document. Only two need be dealt with: one is the lack of a reference to its duration and the other is the absence of a commencement date. There do not appear to be any reported cases in New Jersey which directly resolve the question of whether these terms are essential, although by implication Berg Agency, supra, supports the view that they are. A number of courts in other states have squarely faced this issue and have concluded that the absence of these provisions is fatal. Annotation, "Lease  Terms  Statute of Frauds," 16 A.L.R.2d 621, 624 and 642 (1951); Simons v. New Britain Trust Co., 80 Conn. 263, 67 A. 883 (Sup.Ct.Evirr. 1907); Custis v. Valley Nat'l Bank of Phoenix, 92 Ariz. 202, 375 P.2d 558 (Sup.Ct. 1962); Rohan v. Proctor, 61 Cal. App. 447, 214 P. 986 (D.Ct.App. 1923). That conclusion has been labeled as the "unanimous" view of the authorities. Custis v. Valley Nat'l Bank of Phoenix, at 561.
The conclusions reached by the above cases are persuasive and are adopted here. Neither party to this action would argue with the view that the agreement in question, if enforceable, represents a valuable asset. This court may take judicial notice of such a fact. Evid.R. 9(2)(d). The degree of value in such a lease is, to a significant extent, measured by its length. This is particularly true given the obligation of the tenant to bear the costs of the improvements. The duration of the lease is therefore an essential term and its absence precludes the enforceability of the agreement. The same conclusion may be drawn from the absence of a commencement date. Annotation, 16 A.L.R.2d, supra at 624. Although plaintiff argues that such a date was intended to coincide with the completion of construction and the licensing of the casino, no such conclusion may be reached from the terms of the writing and would necessarily require the submission of parol evidence.
Plaintiff argues that terms such as duration and the commencement date may be read into this lease by implication and by resort to surrounding circumstances. Marini v. Ireland, *265 56 N.J. 130, 143 (1970); see, also, Onderdonk v. Presbyterian Homes of N.J., 85 N.J. 171, 182-184 (1981). Although such an approach could arguably resolve the problem of a commencement date, unlike an implied warranty, there is no way to read into this writing a term of five years "by implication." The "per annum" language connected with the rental charge may support a lease for a year, but plaintiff does not seek such a result.
Plaintiff next urges that, since there was an oral agreement dealing with a five-year term, this court should permit the admission of that evidence to sustain enforcement. This argument raises another issue, and that is, whether parol evidence may be introduced to satisfy terms obviously absent from the writing. The question is significant because of the conclusion which follows from this court's ruling that the writing is lacking in essential terms and is thus incomplete on its face. Generally, a writing incomplete on its face may be modified by parol evidence. Brautigam v. Dean & Co., 85 N.J.L. 549, 556 (Sup.Ct. 1914); McCormick, Evidence, § 211 (1954). This principle recognizes that many agreements are not initially reduced to writing but there is nevertheless some written evidence of the parties' intent. Such a writing may take the form of a memorandum or a letter, but since it is clear from the document that it contemplates a more formal writing, the admission of oral testimony concerning terms unexpressed does no violence to the intent of the parties. McCormick, op. cit. at 492-433. Cf. Hoffman v. Seidman, 101 N.J.L. 106 (E. & A. 1925).
Despite the rule, the question remains as to whether this approach may be permitted when dealing with contracts controlled by the statute of frauds. Such agreements, it must be remembered, are required to contain "all the essential terms ... without the aid of oral evidence." Schenck v. Spring Lake Beach Improvement Co., supra, 47 N.J. Eq. at 49. Given this standard, oral testimony is presumably not permitted whether or not the writing is complete on its face. Although such a result *266 may seem harsh, the Legislature has obviously elected to place certain types of agreements in a class which is beyond the rules of construction that might otherwise apply. Whether one agrees with that choice may be the subject of dispute, but the rule nevertheless remains. Deevy v. Porter, 11 N.J. 594, 596 (1953).
Although the language of the cases supports the above conclusion, research has revealed no New Jersey case in which the application of the statute was examined in a comparable factual setting. The closest case appears to be Silverstein v. Keane, 19 N.J. 1 (1955). That case dealt with a vending machine lease where the contract, although including a provision for the payment of commissions, failed to specify the rate. The court permitted oral testimony on that issue, but in doing so it specifically ruled on the exception within the statute of frauds dealing with "consideration." Id. at 7; N.J.S.A. 25:1-8. In dictum the court went on to note that, independent of the statute, "if it is apparent from the writing itself that something is left out to be supplied by extrinsic evidence, parol evidence is admissible therefor." Silverstein v. Keane, supra at 10. By "independent" the court presumably was referring to those cases not controlled by the statute, where the proposition stated clearly applies. A conclusion that parol evidence may be offered to complete those contracts within the statute would fly in the face of the statute itself. The existence of the exception relied on in Silverstein supports this view. N.J.S.A. 25:1-8. If the rule were otherwise, there would be no need for the exception.
This same conclusion has been reached in other jurisdictions, where the precise issue was raised. Fosburgh v. Sando, 24 Wash.2d 586, 166 P.2d 850, 851 (Sup.Ct. 1946); McMonigle v. Poorhorse, 174 Okl. 534, 51 P.2d 288, 289 (Sup.Ct. 1935); Berlin v. Himmelstein, 71 N.Y.S.2d 626, 628 (Sup.Ct. 1947); Custis v. Valley Nat'l Bank of Phoenix, supra at 561. In Fosburgh v. Sando, the court made the following observation:
We are not unmindful of the rule that where a contract upon its face is incomplete resort may be had to parol evidence to supply the omitted stipulation. That rule applies only in cases unaffected by the statute of frauds. [at 851]
*267 The final argument advanced by plaintiff is that, even if the agreement is otherwise controlled by the statute of frauds, it is nevertheless enforceable because of the doctrine of "part performance." That doctrine acknowledges the sometimes harsh results which follow from application of the statute and acts to preclude its enforcement under certain circumstances. For example, where the person seeking enforcement of an alleged agreement has, as a result of the actions of the parties resisting enforcement, been caused to take steps which substantially change his position to a degree not compensable by restitution or damages, specific performance may be ordered. Kufta v. Hughson, 46 N.J. Super. 222, 228 (App.Div. 1957). It is also theorized that such actions by the parties are consistent only with the existence of a contract and thus "dispel the mischief the statute aims at...." Id. at 227. It is argued that there was part performance here because of the payment of the deposit, the hiring of the architect and the various requests for blueprints. Plaintiff's position is unpersuasive. As Kufta makes clear, even the payment of the full contract price is not sufficient to qualify under the doctrine. Such action is compensable by damages. Id. at 228. The same principle may be applied to the other activities.
In view of the findings made, it is unnecessary for the court to treat defendant's argument that the alleged lease is also unenforceable because of its nonconsensual assignment. As to assignability generally, see S.M. Braunstein, Inc. v. McCrory Stores Corp., 93 N.J. Eq. 419 (E. & A. 1922).
For all of the reasons stated above, it is the conclusion of this court that (1) the subject matter of the agreement in question is controlled by the statute of frauds, N.J.S.A. 25:1-5; (2) the writing in question is lacking in essential terms, in particular its duration; (3) the missing elements may not be supplied by parol evidence; (4) the agreement is not capable of specific performance, and (5) the activities of plaintiff do not constitute "part performance." Accordingly, defendant's motion to dismiss the complaint insofar as it seeks equitable relief is hereby granted.
*268 No attempt has been made here to treat plaintiff's claim for damages. Defendant is directed to file an answer with respect to that count, following which the within motion may be renewed pursuant to the rules of court.