213 N.J. Super. 385 (1986)
517 A.2d 491
JACOB M. DEUTSCH, APPELLANT-PLAINTIFF,
v.
BUDGET RENT-A-CAR, RESPONDENT-DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 7, 1986.
Decided October 30, 1986.
*386 Before Judges MICHELS and SKILLMAN.
Michael Weiss, attorney for appellant.
Lieberman, Ryan, Richardson, Welaj and Miller, attorneys for respondent (Joan G. Geiger, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
*387 Plaintiff landlord filed a summary dispossess action in the Special Civil Part alleging that he had terminated defendant's month-to-month tenancy of commercial premises. On defendant's motion the case was transferred to the Law Division. Defendant then filed an answer and counterclaim, which alleged that it was occupying the premises pursuant to a six-year oral lease rather than as a month-to-month tenant.
The trial court determined after a bench trial that the parties had made a six-year oral lease in 1982. Accordingly, it entered judgment denying plaintiff's demand for possession and declaring that defendant enjoys the benefit of a six-year oral lease at $600 per month.
On appeal, the only argument made by plaintiff is that the statute of frauds should have precluded defendant from seeking to establish the existence of an oral lease. Defendant's response is that the trial court correctly determined that the doctrine of part performance permitted it to establish the oral lease.
N.J.S.A. 25:1-1 provides that leases of longer than three years must be in writing to be effective. Defendant acknowledges that since it seeks enforcement of a six-year oral lease the statute of frauds would apply were it not for the doctrine of part performance.
It is well established in this State that part performance of an oral agreement relating to real property may take the agreement out of the statute of frauds. See, e.g., Cauco v. Galante, 6 N.J. 128, 137-138 (1951); Kufta v. Hughson, 46 N.J. Super. 222 (Ch.Div. 1957). "Where the statute works the intolerable mischief of operating as a fraud the statute should be no bar to the granting of relief to one who has, in good faith, so performed the parol agreement as to irretrievably change the situation of the parties to the disadvantage of the plaintiff." Cauco v. Galante, supra, 6 N.J. at 138. It is also well established that the part performance doctrine is applicable to *388 oral leases which otherwise would be rendered unenforceable by N.J.S.A. 25:1-1. See, e.g., Wharton v. Stoutenburgh, 35 N.J. Eq. 266 (E. & A. 1882); Kufta v. Hughson, supra.
The difficult problem raised by the part performance doctrine is determining what kind of performance will bring the doctrine into operation. See Kufta v. Hughson, supra. The New Jersey cases  most decided before 1948 under our former court system and many decided in the nineteenth century  do not portray a clear and consistent picture of the circumstances in which the doctrine will apply. On the one hand, there are cases which say that "[s]uch performance must be clearly referable to the execution of the contract, and not to some other relation...." Turkington v. Zuber, 100 N.J. Eq. 285, 289 (E. & A. 1926); accord Delnero v. Serra, 2 N.J. Super. 350 (Ch.Div. 1949). On the other hand, there are cases which express the more flexible view that "[t]he fact that the details of the agreement are controverted by the parties will not deter the court from ascertaining what the terms of it really were, and giving effect to the agreement where a complainant shows himself to be entitled to a specific performance, by a part performance, which shall be referable only to a part execution of the agreement." Wharton v. Stoutenburgh, supra, 35 N.J. Eq. at 274-275; see also Rutan v. Crawford, 45 N.J. Eq. 99 (Ch. 1858). We conclude from these varying formulations of the doctrine that the statute of frauds will not prevent enforcement of an oral agreement relating to real property if part performance provides a reliable indication that the parties have made an agreement of the general nature sought to be enforced, and in that event parol evidence may be admitted to show the details of the agreement. See Restatement, Contracts 2d, § 129 at 321 (1981); 2 Corbin, Contracts, § 430 at 473 (1950). Our cases have also shown a particular receptiveness to part performance as a substitute for a writing where a refusal to enforce an alleged oral agreement would cause significant hardship. See, e.g., Crowe v. DeGioia, 203 N.J. Super. 22, 33-34 (App.Div. 1985), aff'd o.b. 102 N.J. 50 (1986); Cauco v. *389 Galante, supra; Wharton v. Stoutenburgh, supra; see generally, Cunningham, Stoebuck & Whitman, The Law of Property, § 10.2 at 635 (1984); 8A Thompson, Real Property, § 4463 at 358 (1963).
It is unlikely that part performance could ever establish the specific duration of an alleged oral lease, and hence under an overly rigid view the part performance doctrine would never apply to leases. However, part performance may provide a reliable indication that the parties intended to enter into a long term lease, even if it does not establish the specific term of that lease. Therefore, it is appropriate to recognize part performance as a substitute for a writing under such circumstances. One treatise in the field describes the nature of the part performance required to make an oral lease enforceable as follows:
A careful definition of the part performance doctrine is that it allows the enforcement of an informal agreement by a party who has acted under it and whose actions give independent evidence of the existence of the agreement. In other words, the actions are ones a party would not take unless he had an agreement of the sort claimed. With a lease, this typically means a tenant goes into possession and makes substantial improvements of a permanent kind he would not make with a periodic or short-term tenancy....
A, perhaps the most, frequently litigated question is what acts of the tenant will be sufficient to excuse the statute, on whichever theory is used. Courts seem generally agreed that possession and payment of rent alone will not do so; these acts are as consistent with a short-term as with a long-term leasehold. In addition there must be acts that bespeak a long-term leasehold, which almost always means valuable and permanent improvements by the tenant. [Cunningham, Stoebuck & Whitman, The Law of Property, § 6.15 at 273-274 (1984) (citations omitted)].
Thus, while occupancy of the premises and payment of monthly rent may be equally consistent with either a month-to-month or long term lease, occupancy coupled with a substantial expenditure of funds by the tenant, with the knowledge of the landlord, may provide a sufficiently reliable indication of an intention to enter into a long term oral lease to permit enforcement under the part performance doctrine.
*390 In the present case the trial court found that defendant-tenant not only had been in possession of the premises and paid rent for a substantial period but also had expended close to $6,000 for interior renovations in connection with the alleged six-year oral lease. These improvements were done with the knowledge of plaintiff-landlord pursuant to written agreement which stated:
All alterations or changes should be done by the tenant with the consent of the Landlord, at the Tenant's own expense. All new partitions and carpentry work, all electrical work and all plumbing work shall be installed by the Tenant and all permits shall be obtained by the Tenant.
The Landlord will furnish a new gas fired furnace at his expense.
At the time of termination, all alterations and improvements become the property of the Landlord.
Accordingly, the trial court found that defendant had "changed his position ... to a substantial degree" based upon the oral six-year lease. We are satisfied that the trial court's factual findings are supported by substantial credible evidence in the whole record. See Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974).
We are also satisfied that the trial court correctly applied the part performance doctrine in concluding that the statute of frauds did not preclude defendant from proving the existence of the oral lease. The $6,000 expended for improvements by defendant equalled nearly one year's rent. Furthermore, pursuant to the written agreement between the parties all of these improvements would have inured solely to the benefit of plaintiff if defendant had been forced to vacate the premises. Since defendant's substantial expenditures for improvements provided a reliable indication that the parties intended to enter into a long term lease and the refusal to enforce the lease would have imposed an unfair hardship upon defendant, the trial court correctly determined that the conditions for invocation of the part performance doctrine had been established.
Affirmed.