**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1159-20

ILONA VASCHUK,

    Plaintiff-Respondent,

v.

EDUARD SHEKHTER and
CHARA SHEKHTER,

    Defendants-Appellants.

_____

Submitted January 13, 2022 – Decided January 24, 2022

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3219-18.

Whiteman Law Group, attorneys for appellants (Brian L. Whiteman, on the brief).

Respondent has not filed a brief.

PER CURIAM

Defendants Eduard and Chara Shekhter[1] appeal from the November 18, 2020 judgment in the amount of $31,681.29 entered in favor of plaintiff Ilona Vaschuk following a bench trial in the Law Division. We affirm.

Plaintiff and Eduard were in a dating relationship. Plaintiff testified that Eduard told her he wanted the couple to live together and start a family. Eduard stated that if plaintiff agreed to contribute to the cost of the down payment and other expenses, Chara could obtain a mortgage and purchase a house where they both could live. If plaintiff agreed to make these payments, Eduard stated he would ensure that plaintiff's name would be listed as a part-owner in the closing documents.

Plaintiff agreed to these terms and, over a period of months, gave Eduard eleven cash payments totaling $24,700. Eduard transferred these funds to Chara. Once Chara purchased the home, plaintiff spent $4,981.29 on furnishings and appliances and paid her brother, Ilia Havrylets, $2,000 for repair work he did on the house. Eduard then moved into the house.

Not long after the February 27, 2018 closing, plaintiff learned that her name was not on any of the ownership documents. Instead, Chara was listed as

---

[1] Defendants are brother and sister. Because they share the same surname, we refer to them individually by their first names. By doing so, we intend no disrespect.

A-1159-20

the sole owner.  About a month later, Eduard ended his relationship with plaintiff.  On August 30, 2018, plaintiff filed a complaint against defendants alleging, among other things, breach of contract against Eduard and a claim of unjust enrichment against Chara.

In addition to her own testimony, plaintiff presented the testimony of several witnesses, including her brother, who generally corroborated her claim that Eduard asked for and received payments from her toward the home. Plaintiff also presented a transcript of a telephone conversation she had with Chara about her agreement with Eduard.  During the call, Chara stated she "got everything [Eduard] took from [plaintiff] and gave me."

Eduard testified that because he and plaintiff were both married to other people while they dated, he did not want to have the house put in either of their names.  Therefore, he asked Chara to obtain the mortgage and buy the house. Eduard stated plaintiff gave him "some money" toward the purchase, but not the "crazy amount" she was now claiming.  Chara testified briefly and presented closing documents[2] she asserted demonstrated that "all the money that was paid for [the] mortgage and the deposit were taken from [her] account . . . ."

---

[2] Defendants did not include these documents in their appendix.

At the end of the trial, Judge Linda Grasso Jones rendered a thorough oral opinion finding in favor of plaintiff on her breach of contract claim against Eduard and on her unjust enrichment claim against Chara. The judge determined that plaintiff's testimony was credible, while defendants' allegations were not.

Judge Grasso Jones found that plaintiff and Eduard had a valid contract under which Eduard agreed to secure an ownership interest in the house for plaintiff in return for plaintiff contributing toward the deposit, the furnishings, and other expenses. Eduard breached that contract when he failed to place plaintiff's name on the deed for the home.

The judge also determined that Chara accepted plaintiff's funds from Eduard and used them to buy the house and put it in her own name. Chara was also the beneficiary of the furnishings and appliances and Havrylets' work on the house. Thus, the judge ruled that Chara was unjustly enriched in the transaction.

Based upon these findings, the judge entered judgment in favor of plaintiff in the amount of $31,681.29. The judge further ruled that defendants were jointly and severally liable for the judgment.

On appeal, defendants challenge the judge's findings. They also argue for the first time that the oral contract between plaintiff and Eduard violated the

4

statute of frauds and that the judge erred by holding them jointly and severally liable for the entire judgment.

Our review of a trial court's fact-finding in a non-jury case is limited. Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence. Deference is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Ibid. (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). The trial court enjoys the benefit, which we do not, of observing the parties' conduct and demeanor in the courtroom and in testifying. Ibid. Through this process, trial judges develop a feel of the case and are in the best position to make credibility assessments. Ibid. We will defer to those credibility assessments unless they are manifestly unsupported by the record. Weiss v. I. Zapinsky, Inc., 65 N.J. Super. 351, 357 (App. Div. 1961). However, we owe no deference to a trial court's interpretation of the law, and review issues of law de novo. Mountain Hill, L.L.C. v. Twp. Comm. of Middletown, 403 N.J. Super. 146, 193 (App. Div. 2008).

After reviewing the record developed by the parties before Judge Grasso Jones, we are satisfied defendants' arguments are without sufficient merit to

warrant extended discussion in this opinion. R. 2:11-3(e)(1)(A) and (E). The judge's factual findings are fully supported by the record and, in light of those findings, her legal conclusions are unassailable. We affirm substantially for the reasons the judge expressed in her well-reasoned opinion and add the following brief comments.

"A contract arises from [an] offer and acceptance, and must be sufficiently definite 'that the performance to be rendered by each party can be ascertained with reasonable certainty.'" Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992) (quoting West Caldwell v. Caldwell, 26 N.J. 9, 24-25 (1958)). "Thus, if parties agree on essential terms and manifest an intention to be bound by those terms, they have created an enforceable contract." Ibid.

Contrary to Eduard's assertion, plaintiff presented clear evidence that Eduard offered to place her name on the closing documents for the house if she contributed to the costs. Plaintiff also proved she accepted this offer by giving Eduard eleven payments in the amounts he requested, paying for furnishings and appliances, and retaining her brother to do repair work. Judge Grasso Jones found plaintiff's account was credible and rejected defendants' contrary claims. We defer to this well-supported credibility determination.

A-1159-20

Plaintiff also met her burden of proof on her unjust enrichment claim against Chara. This doctrine "rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." Goldsmith v. Camden Cnty. Surrogate's Off., 408 N.J. Super. 376, 382 (App. Div. 2009) (quoting Assocs. Com. Corp. v. Wallia, 211 N.J. Super. 231, 243 (App. Div. 1986)). "A cause of action for unjust enrichment requires proof that 'defendant[] received a benefit and that retention of that benefit without payment would be unjust.'" Ibid. (quoting Cnty. of Essex v. First Union Nat. Bank, 373 N.J. Super. 543, 549-50 (App. Div. 2004)).

We are satisfied that what occurred in this case fits squarely within the concept of unjust enrichment. Chara received a house in her sole name without contributing any of her own funds to the closing costs, and Judge Grasso Jones properly held her liable to plaintiff.

Defendants remaining arguments are raised on appeal for the first time. We will ordinarily decline consideration of issues not properly raised before the trial court, unless the jurisdiction of the court is implicated, or the matter concerns questions of great public importance. Zaman v. Felton, 219 N.J. 199, 226-27 (2014). Neither situation exists here.

Nevertheless, we have examined defendants' remaining contentions and conclude they lack merit. Defendants correctly point out that agreements concerning conveyances of an interest in real estate usually must be in writing to satisfy the statute of frauds. See N.J.S.A. 25:1-13. However, "[i]t is well established in this State that part performance of an oral agreement relating to real property may take the agreement out of the statute of frauds." Deutsch v. Budget Rent-A-Car, 213 N.J. Super. 385, 387 (App. Div. 1986). This is so because the statute of frauds should not bar "granting . . . relief to one who has, in good faith, so performed the [oral] agreement as to irretrievably change the situation of the parties to the disadvantage of the plaintiff." Lahue v. Pio Costa, 263 N.J. Super. 575, 599 (App. Div. 1993) (quoting Cauco v. Galante, 6 N.J. 128, 138 (1951)).

Plaintiff's performance of her end of the bargain clearly satisfied the statute of frauds. Plaintiff paid Eduard $24,700 so Chara could buy the house and she spent an additional $6,981.29 for furnishings, appliances, and repairs so Eduard could live there. Therefore, we reject defendants' contention on this point.

Finally, Judge Grasso Jones properly determined that Eduard and Chara were jointly and severally liable for the judgment. Based upon his promise to

A-1159-20

put her name on the closing documents, Eduard obtained the funds from plaintiff to enable Chara to purchase, furnish, and repair the house. Eduard lives in the home and Chara owns it. Both defendants obtained the benefit of the agreement between Eduard and plaintiff, and we discern no basis to disturb the judge's decision to hold them jointly and severally liable for the judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                                    A-1159-20