O. B. CUSTIS, Appellant,

v.

The VALLEY NATIONAL BANK OF PHOENIX, Executor of the Estate of C. C. Cheshire, deceased, and Flagstaff Cheshire Motors, Inc., Appellees.

No. 6670.

Supreme Court of Arizona.

In Division.

Oct. 25, 1962.

John H. Grace, Flagstaff, and Moore & Romley, Phoenix, for appellant.

Mangum & Christensen, Flagstaff, for appellees.

BERNSTEIN, Chief Justice.

The appellant, hereinafter called plaintiff, brought an action for damages for breach of contract. Plaintiff alleged that defendant had agreed to sell to him all of the outstanding shares of stock in Flagstaff Cheshire Motors, Inc. then owned or controlled by the defendant, and had further agreed to lease to the corporation the premises then occupied by the corporation,

a Chevrolet dealership in Flagstaff. Plaintiff introduced at the trial as the "contract" or memorandum thereof a letter to an official of the Chevrolet Motor Division, and signed by both parties, requesting the approval of the Chevrolet Motor Division for the proposed transfer of interest in the dealership firm and generally stating the terms of the agreement between plaintiff and defendant. The trial court ruled that the letter was an insufficient memorandum to satisfy the Statute of Frauds, and excluded parol evidence concerning the contract on the grounds that it was immaterial until the contract was proved. Plaintiff presented the major portion of his evidence in the absence of the jury as an offer of proof, and then rested. The trial court directed a verdict for the defendant and denied plaintiff's motion for a new trial, from which orders plaintiff has appealed. Since the record herein was filed the appellee, C. C. Cheshire, has died and The Valley National Bank of Phoenix, the executor of his estate, has been substituted as a party.

Plaintiff introduced into evidence "Exhibit C":

"April 25, 1955

"Mr. Ross Paulk, Zone Mgr.
Chevrolet Motor Division
1931 Myrtle Avenue
El Paso, Texas.

"Dear Mr. Paulk:

"The approval of the Chevrolet Motor Division is requested for the following changes in the Flagstaff Cheshire Motors, a Corporation.

"That the General Manager, Mr. O. B. Custis will be allowed to purchase an additional 5% of the capital stock from the person presently named in paragraph 3, Mr. C. C. Cheshire. That Mr. O. B. Custis be the named in paragraph 3 and be the person responsible to Chevrolet Motor Division for the operation of the Franchise.

"It is further agreed that Mr. Custis is to increase his stock interest from time to time through purchasing of additional stock from C. C. Cheshire and an option is being exercised between Mr. Cheshire and Mr. Custis allowing Mr. Custis to purchase all of the stock of the Flagstaff Cheshire Motors within a period of 5 years or less at a purchase price of $10.00 per share or book value at time of purchase, whichever is higher. The purchase of the stock will make Mr. Custis the sole owner of the Corporation.

"This buy of 5% representing 875 Shares would be with personal cash and would be based on par value of $10.00 per share. The capital structure of the Corporation will be unchanged although the $50,000 in securities shown on the statement will be replaced with a similar amount of cash.

"The present Dealership Buildings owned personally by C. C. Cheshire would be leased to the Corporation on the basis of 2% of net sales, with a minimum of $1,200.00 per month for any months that did not equal this amount on the 2% basis.

"The reason for asking for the placing of Mr. O. B. Custis on paragraph 3, is that C. C. Cheshire desires to reward Mr. Custis for the good work he has done for the Corporation and has every confidence in that he will successfully carry out the requirements of Chevrolet Motor Division as a person responsible on Paragraph 3.

"Your prompt attention to this request will be appreciated.

Yours truly,

"/s/ C. C. Cheshire          /s/ O. B. Custis

"C. C. Cheshire,              O. B. Custis,
      President                    Secretary
"CCC:es"

---

The principal issue in this appeal is whether this document is a sufficient memorandum under the Statute of Frauds[1] to permit enforcement of the alleged contract, or whether the contract was in some manner taken out of the Statute of Frauds.

A memorandum sufficient to satisfy the requirements of the Statute of Frauds need not be a writing intended by the parties to be the integration of their agreement. Bartlett-Heard Land & Cattle Co. v. Harris, 28 Ariz. 497, 238 P. 327 (1925). It may be an informal writing, such as a letter, and may be addressed to a third party, Fey v. Loose-Wiles Biscuit Co., 147 Kan. 31, 75 P.2d 810 (1938);

---

[1]. A.R.S. "§ 44–101. Statute of frauds
   "No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:
* * *
   "4. Upon a contract to sell or a sale of goods or choses in action of the value of five hundred dollars or more, * * *.
*      *      *      *      *
   "6. Upon an agreement for leasing for a longer period than one year, * * *."

Dondero v. Turrillas, 59 Nev. 374, 94 P. 2d 276 (1939). It must, however state with reasonable certainty the subject matter to which the contract relates and the terms and conditions of all of the promises constituting the contract, Durham v. Dodd, 79 Ariz. 168, 285 P.2d 747 (1955); Young v. Bishop, 88 Ariz. 140, 353 P.2d 1017 (1960). The essentials of a memorandum include, in an agreement of sale, the identity of the buyer and·seller, the price to be paid, the time and manner of payment, and the property to be transferred, describing it so it may be identified, Young v. Bishop, supra. In a memorandum of an agreement to lease real property the essentials include the identification of the property to be leased, *the term of the lease,* and the rental. agreed· upon, Gaskill v. Jacobs, 38 Idaho 795, 225 P. 499 (1924); Enlow v. Irwin, 80 Cal.App. 98, 251 P. 658 (1926); Simons v. New.Britain Trust Co., 80 Conn. 263, 67 A. 883 (1907).

■ The memorandum under consideration discloses·an agreement for the sale and purchase of stock in Flagstaff Cheshire Motors, a corporation, and for a lease by defendant of the "present Dealership Buildings" to the Corporation. While the letter is sufficient in several respects it fails ·to specify the term of the lease. The authorities appear to be unanimous that a memorandum of a lease agreement which makes no mention of the length of the term is insufficient. Gaskill

v. Jacobs and other cases cited, supra, 37 C.J.S. Frauds, Statute of § 196b; 49 Am. Jur. Statute of Frauds § 351. Where a written memorandum is deficient for the reason that essential terms are omitted, parol evidence is not admissible to supply these missing terms, Friedman v. Bergin, 22 Cal.2d 535, 140 P.2d 1 (1943); In re Levin's Estate, 302 N.Y. 535, 99 N.E.2d 877 (1951); Fosburgh v. Sando, 24 Wash. 2d 586, 166 P.2d 850 (1946).

■ Plaintiff has argued that the agreement to lease the premises is severable from the agreement to sell the stock, and that for this reason an action may be maintained upon the agreement to sell the stock. The learned trial judge did not accept this argument, nor can we. It is clear to us that a fundamental part of the consideration for the agreement to transfer an interest in this going business operation was the lease, on favorable terms, of the business property owned by defendant. Plaintiff has not suggested that there is any evidence that Cheshire would have agreed to the sale of the stock on the terms indicated apart from the agreement to lease his buildings. Since the contract was indivisible it follows that no action can be maintained because of the insufficient memorandum, Durham v. Dodd, 79 Ariz. 168, 285 P.2d 747 (1955), unless the agreement was somehow taken out of the operation of the Statute.

Plaintiff testified that some time prior to April 24, 1955, when the alleged agreement was made, he had submitted his resignation as general manager of the business conducted by the corporation. On the day of the agreement, before entering the final negotiations, according to plaintiff's testimony, Cheshire withdrew this resignation from his desk drawer and tore it up in the presence of the plaintiff. Plaintiff contends that his continuing to work, his action in traveling to El Paso to secure approval of the agreement by the Chevrolet officials and his action in obtaining a loan to provide the funds necessary for him to perform his part of the agreement amounts to a change of position in reliance upon the oral agreement entered by the parties. He contends that because of this change of position the defendant is estopped to raise the defense of the Statute of Frauds. We have indeed recognized that the defense of the Statute of Frauds may be precluded by an estoppel in pais or on equitable estoppel, Diamond v. Jacquith, 14 Ariz. 119, 125 P. 712, L.R.A.1916D 880 (1912); Cress v. Switzer, 61 Ariz. 405, 150 P.2d 86 (1944); Waugh v. Lennard, 69 Ariz. 214, 211 P.2d 806 (1949). In the Diamond case, the decision of the court was primarily based on plaintiff's full performance of his side of the oral contract, however the Court noted that the plaintiff had moved his family from the east and had refrained from seeking employment in the east in reliance upon the oral contract with the defendant. In the Cress case, substantial sums were spent remodeling the premises which were the subject of the oral agreement of lease. In the Waugh case, the plaintiffs had refrained from exercising legal rights within the period of limitations in reliance upon the oral agreement. In each of these cases the party relying on the oral agreement was placed in a position in which substantial losses apart from the expected benefits of the agreement would result if the agreement was not enforced. In the case before us, the plaintiff has not alleged that his reliance on this oral agreement caused him any expense or loss other than the loss of his expected benefit from the agreement itself. We are not told how he has changed his position to his detriment. Under these circumstances, we find that the defendant is not estopped to assert the defense of the Statute of Frauds.

Because we hold that the alleged oral contract is within the provisions of the Statute of Frauds, and is therefore unenforceable, it is unnecessary to consider the other assignments of error.

The judgment of the trial court is affirmed.

STRUCKMEYER, J., and PORTER MURRY, Superior Court Judge, concur.