502 P.2d 169

John D. GRAY and Laura L. Gray,
his wife, Appellants,

v.

Charles E. KOHLHASE and Earl M. Lines,
dba Kohlhase and Lines, a general
partnership, Appellees.

No. 2 CA–CIV 1054.

Court of Appeals of Arizona,
Division 2.

Oct. 25, 1972.

Rehearing Denied Nov. 29, 1972.

Review Denied Jan. 2, 1973.

Anderson, Welker & Flake, by Dudley S. Welker, Safford, for appellants.

Killian & Legg, by John G. Hough, Mesa, for appellees.

HATHAWAY, Judge.

Appellants, defendants below, seek reversal of a judgment entered on a jury verdict of $17,000 in favor of the appellees, plaintiffs below.

The basis of appellees' claim against appellants was a real estate commission allegedly earned by appellees in connection with the sale of appellants' ranch property. Their complaint pleaded alternative theories; express contract and quantum meruit. Appellants' responsive pleading asserted, inter alia, the defense of the Statute of Frauds and additionally, a counterclaim for abuse of process arising out of a lawsuit which had previously been filed and dismissed without prejudice by appellees in Greenlee County.

At the conclusion of all the evidence, both parties moved for a directed verdict, appellants as to appellees' claim and appellees as to appellants' counterclaim. The court granted the latter motion and submitted to the jury the question of whether appellees were entitled to a commission.

The court instructed the jury that it had directed a verdict on the counterclaim and that it had directed a verdict against appellees on two counts, i. e., a quantum meruit theory and an oral employment contract. It did, however, instruct the jury that a party may be estopped to assert the defense of the Statute of Frauds when he had induced or permitted another to change his position to his detriment in reliance solely upon an oral agreement within the operation of the Statute of Frauds.

Appellants present various grounds for reversal including the sufficiency of the evidence to support the verdict, certain evidentiary rulings, error in jury instructions, refusal to grant their motion for a directed verdict, and the granting of a directed verdict as to their counterclaim in favor of the appellees. Since we are of the opinion that the Statute of Frauds barred appellees' claim, we address ourselves solely to the court's refusal to direct a verdict in favor of the appellants.

A.R.S. § 44–101 provides in pertinent part:

"No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:

\*　　\*　　\*　　\*　　\*　　\*

7. Upon an agreement authorizing or employing an agent or broker to purchase or sell real property, or mines, for compensation or a commission."

We have held that a formal listing agreement is not required in order to satisfy the Statute of Frauds. Realty Exchange Corp. v. Cadillac Land & Dev. Co., 13 Ariz.App. 232, 475 P.2d 522 (1970); Maricopa Realty & Trust Co. v. VRD Farms, Inc., 10 Ariz.App. 524, 460 P.2d 193 (1969). In the *Maricopa Realty & Trust Co.* case, the escrow instructions which we deemed a sufficient memorandum of the parties' agreement, the amount of the real-

ty commission was stated with certainty. In the case *sub judice,* the memoranda signed by appellants did not set forth the amount of the commission to be paid.[1]

A memorandum on which an action by a real estate broker to recover commission is based must contain the terms and conditions of the promise sought to be enforced. McAlister v. Cooper, 91 Ariz. 191, 370 P.2d 767 (1962); Durham v. Dodd, 79 Ariz. 168, 285 P.2d 747 (1955). A statement of the compensation or commission to be paid is a vital part of the contract and unless there is some memorandum in writing stating the amount of the commission signed by the person to be charged or his agent, the contract cannot be enforced. Robertson v. Hansen, 89 Idaho 107, 403 P.2d 585 (1965); Carney v. McGinnis, 68 N.M. 68, 358 P.2d 694 (1961); Owen v. Hendricks, 426 S.W.2d 955 (Tex.Civ.App.1968), aff'd 433 S.W.2d 164; See Annot. 9 A.L.R.2d 754 § 5 (1950), and cases cited therein.

We recognize that there is a minority view followed in California that the amount of commission may be shown by parol where there is a sufficient memorandum to show the *fact* of employment. See Beazell v. Schrader, 59 Cal.2d 577, 30 Cal. Rptr. 534, 381 P.2d 390 (1963). It is true that in Maricopa Realty & Trust Co. v. VRD Farms, Inc., supra, we indicated that the *chief* element required to be shown in writing is the *fact* of employment. We did not, however, as the parties to this litigation believed, endorse the admission of parol evidence to show the amount of commission. In fact, we stated:

"These escrow instructions constituted a sufficient memorandum of the promise

sought to be enforced since the subject matter of the realty commission was stated with reasonable certainty. (citations omitted)." 10 Ariz.App. at 527, 460 P.2d at 198.

A memorandum, in order to satisfy a contract within the Statute of Frauds, must state the terms and conditions of all the promises constituting the contract and any deficiency in this regard cannot be supplied by parol. Durham v. Dodd, supra. The instrument involved in Oregon Home Builders v. Crowley, 87 Or. 517, 170 P. 718, reh. den. 87 Or. 536, 171 P. 214 (1918) was held sufficient to satisfy the Statute of Frauds, but the court stated:

"It is true that the writing must state the amount of the commission agreed to be paid to the broker, but it is also true that this requirement is predicated upon the fact that the amount of the commission agreed upon constitutes one of the terms of the contract which must be in writing: . . . Subdivision 8 [the Oregon counterpart of our A.R.S. § 44–101(7)] was designed as a remedy for a twofold evil: (1) Brokers claiming commissions when they had never been authorized to sell; and (2) brokers claiming excessive rates although authorized to sell. The conclusion . . ., that the writing must state the amount or rate of commission to be paid, is justified by the history and purpose of the statute." 170 P. at 721, 722.

We hold, therefore, that the memoranda relied upon by appellees were insufficient to satisfy the Statute of Frauds for lack of an essential element, i. e., the *amount* of commission. Such deficiency cannot be remedied by resort to parol evi-

---

1. One writing consisted of escrow instructions which merely indicated that the agents' commission in an unspecified amount, was to be paid by the appellants to the appellees.

Another memorandum, a printed purchase contract and receipt form, contained the following printed provision:

"I [or we] agree to sell the above described property on the terms and condi-

tions herein stated and agreed to pay the above signed broker as commission the sum of ___ DOLLARS ($...) or one-half (½) the deposit in case same is forfeited by the purchaser, provided same shall not exceed the full amount of commission."

dence, *Custis v. Valley Nat'l Bank*, 92 Ariz. 202, 375 P.2d 558 (1962), nor is parol evidence available to supply a missing term by labeling an agreement "ambiguous." *Lyon v. Big Bend Dev. Co.*, 7 Ariz.App. 1, 435 P.2d 732 (1968).

We also find no merit in appellees position, as asserted in their pre-trial memorandum, that appellants were estopped from invoking the Statute of Frauds as a defense. It is true that one may be estopped to assert the defense of the statute when he had induced or permitted another to change his position to his detriment in reliance upon an oral agreement within the operation of the statute. *O'Malley Inv. and Realty Co. v. Trimble*, 5 Ariz.App. 10, 422 P.2d 740 (1967); *Custis v. Valley Nat'l Bank*, supra. However, the evidence necessary to invoke the doctrine of equitable estoppel is measured by the detriment sustained by the party invoking it in acting upon the oral agreement or altering his position and not merely the benefits he would have received under the oral agreement. *Custis v. Valley Nat'l Bank*, supra; *Funk v. Anderson-Rooney Operating Co.*, 423 P. 2d 465 (Okl.1967).

Appellants were not estopped to plead the Statute of Frauds by reason of an oral agreement as to payment of commission and the fact that appellees actually sold their property to appellants' customer. An estoppel to plead the statute cannot be predicated upon the seller's refusal to comply with an oral promise to pay a commission. *Herzog v. Blatt*, 80 Cal.App.2d 340, 180 P.2d 30 (1947); *Augustine v. Trucco*, 124 Cal.App.2d 229, 268 P.2d 780 (1954); *Heyman v. Adeack Realty Co.*, 102 R.I. 105, 228 A.2d 578 (1967); *Hart v. Billings Public Stockyards*, 486 P.2d 120 (Mont. 1971).

A real estate broker is presumed to know that an oral contract of employment for rendition of services in negotiating a sale of real estate for compensation or a commission is invalid. 23 Cal.Jur.2d Frauds, Statute of § 146. Although denial of a commission to a broker who has pro-

cured a purchaser of property and has expended time and effort on behalf of the seller may seem harsh, we believe the answer to real estate brokers and agents is found in the following statement in *Pac. Southwest Dev. Corp. v. Western Pac. R. R. Co.*, 47 Cal.2d 62, 301 P.2d 825 (1956):

> "Plaintiff is a licensed real estate broker and, as such, is presumed to know that contracts for real estate commissions are invalid and unenforceable unless put in writing and subscribed by the prson to be charged.
>
> \*   \*   \*   \*   \*   \*
>
> Nevertheless, plaintiff failed to secure proper written authorization to protect itself in the transaction. Rather it assumed the risk of relying upon claimed oral promises of defendant, and it has no cause for complaint if its efforts go unrewarded." [citations omitted] 301 P.2d at 831.

*See also* Restatement, Contracts § 355(3).

Appellants additionally contend that the trial court erred in directing a verdict in favor of the appellees on appellants' counterclaim seeking damages for a purported abuse of process. The gravamen of appellants' counterclaim was the filing of a lis pendens in appellees' previous action (which was subsequently dismissed), filed in Greenlee County. Their position was that A.R.S. § 12–1191, making the recording of the lis pendens constructive notice of all that is claimed in a lawsuit, applies only to "an action affecting title to real property." Therefore, they argue, since the Greenlee County action was one for a debt allegedly owed by appellants, the filing of the lis pendens was an abuse of process. We agree with the trial court's summary disposition of the counterclaim.

In the case of *Meadows v. Bakersfield Sav. & Loan Ass'n*, 250 Cal.App.2d 749, 59 Cal.Rptr. 34 (1967), an action for abuse of process was predicated on the fact that the defendant caused a "notice of default and election to sell under deed of trust" to be recorded. The California court, in holding

that a nonsuit was properly granted, stated:

> "Thus, the essence of the tort 'abuse of process' lies in the misuse of the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice. Since defendant took no action pursuant to authority of court, directly or by ancillary proceedings, no judicial process was abused." 59 Cal.Rptr. at 37.

For the foregoing reasons, the judgment in favor of the appellees as to their claim for a commission is reversed and is affirmed as to appellants' counterclaim.

KRUCKER, C. J., and HOWARD, J., concur.