703 P.2d 1225

**LANCER REALTY & INVESTMENTS, INC., an Arizona corporation, Plaintiff/Appellant,**

v.

**Gene ANDERSON, a single man, Defendant/Appellee.**

**No. 2 CA–CIV 5152.**

Court of Appeals of Arizona, Division 2.

April 4, 1985.

Review Denied June 18, 1985.

D'Antonio & D'Antonio by Patricia A. Ihnat, Tucson, for plaintiff/appellant.

Hirsch & Harrison, P.C. by Barry Bursey, Tucson, for defendant/appellee.

## OPINION

HATHAWAY, Judge.

This case involves a claim for a real estate commission. The trial court granted summary judgment against the broker, finding that the commission agreement "is so ambiguous in the face of the facts of this case that it cannot be enforced." Because we believe any ambiguity raises a genuine issue of material fact rather than rendering the agreement fatally deficient, we find disposition on summary judgment to be error and remand for trial.

■ This is a statute of frauds case. A.R.S. § 44–101 provides in pertinent part:

"No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorize:

\* \* \* \* \* \*

7. Upon an agreement authorizing or employing an agent or broker to purchase or sell real property, or mines, for compensation or a commission."

The identical provision was interpreted by this court in *Gray v. Kohlhase*, 18 Ariz. App. 368, 502 P.2d 169 (1972). In *Gray*, the missing term was the amount of commission. Distinguishing Arizona real estate cases from California case law involving the statute of frauds, this court reiterated that "the *chief* element required to be shown in writing is the *fact* of employment." (Emphasis in original) 18 Ariz.App. at 370, 502 P.2d at 171. The holding of *Gray* added as an "essential element" the "*amount* of commission." (Emphasis in original) Id. If these two items—fact of employment and amount of commission—are missing, they cannot be supplied by the court by pleading ambiguity. Id.

■ What other terms must be found in a real estate commission agreement so that it is sufficiently definite and certain to be

enforced? Appellee asserts that the lack of terms regarding the time and manner of the future commission payments mentioned in the agreement voids the agreement. Appellee cites cases from other jurisdictions for the proposition that a real estate commission must contain an expiration date in order to satisfy the statute of frauds. Yet no Arizona cases on these points which involve *written* agreements are cited to us. *Pyeatte v. Pyeatte*, 135 Ariz. 346, 661 P.2d 196 (App.1983), found the lack of a time frame in an *oral* agreement, whereby each spouse agreed to provide in turn the sole support for the marriage while the other spouse was obtaining further education, to be fatal. But in *Pyeatte* it is clear that the lack of time frame went to the heart of the agreement itself. Conceivably the very consideration of the agreement—the mutual promises to support—might never kick in, given the way the agreement was structured.

The instant case is quite different in its terms. The commission agreement signed by the parties is as follows:

> "This is a commission agreement between GENE ANDERSON and LANCER REALTY AND INVESTMENT, INC., Broker. If Lancer Realty is successful in consumating [sic] a business agreement between William Hudson and Mildred Hudson, owners of 305 acres in Marana, and GENE ANDERSON, developer, Anderson will pay Lancer Realty a commission of 5% of his profits, or $50,-000.00, which ever [sic] is greater.
>
> $5,000/SCGA is to be paid to Lancer Realty upon execution of the agreement between HUDSON and ANDERSON. The balance of payments to be agreed upon by Lancer Realty and Anderson."

The requirement in the agreement that $5,000 be paid upon execution of agreement was deleted by the parties, leaving the question of how and when the commission was to be paid to a later agreement of the parties.

■ The essential terms under *Gray v. Kohlhase*, supra, the fact of employment and the amount of commission are present and explicit here. Lancer, as a real estate company, will act in its usual capacity as an agent to put together a deal between three specifically named parties concerning 305 specifically named acres in Marana. Anderson will pay the greater of two possible sums: $50,000 (a definite amount) or 5% (a definite percentage) of "his profits" (an indefinite but definable sum). While the *schedule* of payment is *not* specified, an agreement to agree on such a schedule is specified. A party to a contract cannot be permitted to escape the obligations of an agreement to which he is a signatory by pleading "no meeting of the minds" just because a condition of that contract has been left to be ironed out later. We are reminded,

> "... contracts should be interpreted, whenever reasonable, in such a way as to uphold the contract, and ... this is particularly true *where there has been performance by one party*. We are aware of these general legal concepts, and also note that reasonableness can be implied by the courts when interpreting agreements." Pyeatte v. Pyeatte, 135 Ariz. at 351, 661 P.2d at 201. (Emphasis added)

■ Following this counsel to reasonableness, we find that the condition precedent which triggers Anderson's obligation to pay at least $50,000 is the time at which profits could be determined. On the facts of this case this condition precedent occurred (1) when Anderson and the Hudsons consummated a business agreement concerning the subject property, thereby making it possible for Anderson to derive profits, and (2) when Anderson no longer had any interest, right, or title in the subject property, namely, when the option agreement between the Hudsons and Anderson died and no other agreement was offered in its place to suggest any further interest. The point at which Anderson's interest in the property ended and the profit, if any, was gained by Anderson out of the option agreement are questions of fact to be decided at trial.

■ An additional question of fact would be whether the execution of the option agreement by Lancer Realty on behalf of Anderson with the Hudsons comes within the meaning of the term "consumating [sic] a business agreement." While we do not decide this question, we believe that rather than being hopelessly "ambiguous" as decided by the trial judge it merely reflects the wheeling and dealing common to real estate speculation and development in Arizona. Contemporary contract law must keep up with modern business practices. Any ambiguity in the facts may be determined at trial, not in summary judgment. Cf. *Lewis v. Lockhart,* 379 P.2d 618 (Alas. 1963), in which the Alaska Supreme Court approved of the trial court's decision to see if time for payment could be made certain in a disputed lease-option-to-buy contract.

Reversed and remanded for further proceedings.

LACAGNINA, J., and LILLIAN S. FISHER, Superior Court Judge, concur.