91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darwin THURSTON, a married man, Plaintiff-Appellant,
v.
CITIZENS UTILITY CO., a Delaware Corporation, Defendant-Appellee.
 No. 95-15583.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 14, 1996.
Decided July 10, 1996.
 
 1
 Before: PREGERSON and TROTT, Circuit Judges, and WINMILL, District Judge.*
 
 
 2
 MEMORANDUM**
 
 OVERVIEW
 
 3
 Appellant Darwin Thurston (Thurston) appeals the district court's grant of summary judgment in favor of Citizens Utilities Company (Citizens) in his breach of contract action. Thurston claimed that Citizens breached its agreement to employ Thurston for a minimum two-year period, and he sought two years' of salary and benefits. The district court granted summary judgment for Citizens on the basis of the alleged contract's failure to satisfy the statute of frauds. Following the judgment, Thurston made motions for a new trial and, alternatively, to amend the judgment. The district court denied these motions. Citizens moved for an award of attorneys' fees, which the district court granted.
 
 
 4
 Thurston appeals the grant of summary judgment, the denial of his post-judgment motions, and the award of attorneys' fees. We affirm the district court on all grounds, and we decline to award attorneys' fees on appeal.
 
 STANDARD OF REVIEW
 
 5
 A grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. at 441. This court reviews the district court's denial of the motion for a new trial under an abuse of discretion standard. Robins v. Harum, 773 F.2d 1004, 1006 (9th Cir.1985). The district court's refusal to alter or amend the judgment is also reviewed for an abuse of discretion, Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991), as is the district court's award of attorney's fees. Haworth v. Nevada, 56 F.3d 1048, 1051 (9th Cir.1995).
 
 DISCUSSION
 
 6
 * Enforceability of Contract
 
 
 7
 In his action for breach of contract, Thurston claimed that Citizens breached a two-year employment contract, and that, as a result, he was damaged in the amount of $200,000. This claim fails under the statute of frauds.
 
 Arizona's statute of frauds provides that:
 
 8
 No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged ...
 
 
 9
 (5) Upon an agreement which is not to be performed within one year from the making thereof.
 
 
 10
 Ariz.Rev.Stat.Ann. § 44-101. In addition to being signed by the party against whom enforcement is sought, the writing must identify the parties and the subject matter of the agreement, and must contain the essential terms and conditions of the promises constituting the contract. Register v. Coleman, 633 P.2d 418, 421 (Ariz.1981).
 
 
 11
 The statute of frauds would not have been an issue in this case if Thurston had conceded that only an at-will contract was involved. An at-will contract would not have fallen within the statute of frauds because it would have been capable of being performed within one year. However, Thurston insisted that he had a contract for employment for a minimum of two years. Thus, the contract fell within the statute of frauds because it could not be "performed within one year."
 
 
 12
 In discussing the requirement that the writing contain the essential terms, the Restatement (Second) of Contracts explains that:
 
 
 13
 The "essential terms" of unperformed promises must be stated; "details or particulars" need not. What is essential depends on the agreement and its context and also on the subsequent conduct of the parties, including the dispute which arises and the remedy sought. Omission or erroneous statement of an agreed term makes no difference if the same term is supplied by implication or by rule of law. Erroneous statement of a term can sometimes be corrected by reformation.... Otherwise omission or misstatement of an essential term means that the memorandum is insufficient.
 
 
 14
 Restatement (Second) of Contracts § 131 cmt. g (emphasis added).
 
 
 15
 Thurston claims that the writing requirement was met by Avery's letter, which was signed by Avery. He claims that the letter contained the essential terms because it included the "fact of employment" and "compensation." See Lancer Realty & Investments, Inc. v. Anderson, 703 P.2d 1225, 1227 (Ariz.Ct.App.1985) (dispute based on real estate commission contract, court found that the essential terms were the "fact of employment" and "compensation"). Accordingly, Thurston argues that the written contract was adequate to satisfy the statute of frauds, and that it was merely "supplemented" by Avery's oral representations. He interprets the probation provision as somehow supporting his theory that he was being hired for a minimum of two years. In essence, he argues that the probationary period was not a probationary period that would allow Citizens to terminate him at its will, but instead a guarantee of employment.
 
 
 16
 This argument fails. The dispute at issue clearly indicates that the period of employment was an essential term. Thurston's reliance on Lancer, as supporting the proposition that the writing needed to contain only the fact of employment and the amount of compensation, is misplaced. Lancer involved a real estate commission contract in which the parties disputed a broker's payment schedule. In that contract, those terms may have been the only essential terms. However, in an employment contract such as the one at issue in this case, the term distinguishing between at-will employment and employment for a specific term is critical. Thurston claims that Avery's oral representations essentially turned the contract from one for at-will employment into one for a minimum of two-years' employment. If the contract were for a period of two years, it needed to contain that term. Instead, the writing directly contradicted Thurston's assertion.
 
 
 17
 Thus, the written letter does not contain a term that would be essential to establish a two-year contract for employment. As a result, it fails to satisfy the statute of frauds. Therefore, Thurston could not bring an action for breach of the two-year contract. Ariz.Rev.Stat.Ann. § 44-101.
 
 Conclusion
 
 18
 At best, Thurston could have argued that he had a contract for at-will employment. Under that contract, he would have been considered fired on the same day he was hired, and he could have recovered one month's salary. However, Thurston brought an action for breach of a "two-year employment contract," seeking recovery for two-years' salary and benefits. He adamantly argued against an at-will contract. Thus, in the end, Thurston is hoisted with his own petard, and he recovers nothing. We affirm summary judgment in favor of Citizens.[1]
 
 II
 Motion for a New Trial
 
 19
 In his motion for a new trial, Thurston raised a new theory of recovery, arguing that even if the oral representations involved "essential terms" of the contract, they could be added by reformation. The district court denied the motion. A motion for a new trial is not intended to provide an opportunity for disappointed litigants to argue, post-judgment, what they could have argued during the pendency of a motion for summary judgment. Frederick S. Wyle, P.C. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir.1985). Here, Thurston's argument for reformation evolved from the same facts and the same contractual dispute. There was neither new evidence nor a change in the law that warranted reconsideration. Accordingly, Thurston could have raised his reformation claim in the summary judgment proceedings, and he was simply using the motion for a new trial to further his shotgun approach to recover contract damages.
 
 
 20
 The motion for a new trial was not brought under circumstances in which a motion for a new trial is appropriate, and the district court properly refused to consider the reformation theory. We affirm the denial of the motion for a new trial.
 
 III
 Motion to Amend the Judgment
 
 21
 In the district court's order granting summary judgment in favor of Citizens, a line on the last page stated, "At the most, plaintiff is entitled to the amounts defendant offered in the offer of judgment on January 2, 1992." The judgment, which followed a day later, stated that it granted "Defendant's motion for summary judgment; Plaintiff take [sic] nothing."
 
 
 22
 Thurston made a motion to amend the judgment to reflect his recovery of one month's salary as damages. The district court denied this motion. The district court explained its statement in the summary judgment order, stating that:
 
 
 23
 [I]f the parties could agree that the parties had entered into a contract, the contract was limited to the terms contained in the letter. The court did not hold that the parties entered into a contract, or that plaintiff is entitled to thirty days pay.
 
 
 24
 The court also noted that Citizens had made an offer of judgment on January 2, 1992, for thirty days pay, but that Thurston had not accepted it.
 
 
 25
 The denial of the motion to amend is consistent with the substance of the district court's order, which held that Thurston's contract claim failed because the contract did not satisfy the statute of frauds. The dicta in the district court's order about one month's salary meant that, in the best case scenario and if Thurston had conceded that he had only an at-will contract, the most he would have recovered would have been one month's salary. Thurston claimed that he had a two-year contract, not an at-will contract, so he recovered nothing. The district court did not abuse its discretion in denying the motion to amend the judgment.
 
 IV
 Attorney's Fees
 
 26
 In February 1995, in the same order denying Thurston's motion to reopen and to amend the judgment, the district court awarded attorney's fees to Citizens in the amount of $43,421. Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees." Ariz.Rev.Stat.Ann. § 12-341.01. The factors to be considered by the court are:
 
 
 27
 (1) The merits of the claim or defense presented by the unsuccessful party.
 
 
 28
 (2) The litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result.
 
 
 29
 (3) Assessing fees against the unsuccessful party would cause an extreme hardship.
 
 
 30
 (4) The successful party did not prevail with respect to all of the relief sought.
 
 
 31
 (5) The novelty of the legal question presented, and whether such claim or defense had previously been adjudicated in this jurisdiction.
 
 
 32
 (6) Whether the award in any particular case would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees.
 
 
 33
 Ariz.Rev.Stat.Ann. § 12-341.01.
 
 
 34
 The district court analyzed the relevant factors as follows. As to the merits of Thurston's claim, the court found that Thurston had a "tenable" claim. As to the second factor, the court found that Citizens had tried to settle a few times and that a substantial portion of the fees could have been avoided if Thurston had agreed to settle. On the third factor, although Thurston argued that he would be devastated by an award of attorneys' fees, the court found that other evidence indicated that he had substantial income and had received a generous severance package from Citizens. The court emphasized that Thurston "took the risk of litigation," and that he had not accepted the offer of judgment at an earlier date. The court also acknowledged that Citizens is a large utility company, on which the impact of paying attorney's fees would be less severe. As to the fourth factor, the court noted that Citizens had prevailed entirely. As to the sixth factor, whether an award of attorneys' fees would discourage meritorious litigation, it concluded that this case did not involve parties with unequal bargaining power and that a fee award would not discourage meritorious litigation. Then, after weighing the factors, the district court concluded that Citizens should be awarded reasonable attorneys' fees.
 
 
 35
 We review the award of attorneys' fees for an abuse of discretion. As set forth above, it is clear that the court considered the relevant factors. In fact, the district court was generous in categorizing as "tenable" Thurston's claim that a two-year contract had been formed. The potentially inequitable economic impact of a fee award, where an individual would be required to pay a large corporation's attorneys' fees, is the factor that weighs most heavily in Thurston's favor. The district court, however, considered Thurston's ability to pay and found that he would be able to do so. While $43,421 is a large amount, it was Thurston who perpetuated the litigation, refusing to settle and continuing his efforts for an unrealistic $200,000 recovery. See Mullins v. Southern Pac. Trans. Co., 851 P.2d 839, 842 (Ariz.Ct.App.1992) (rejecting "novel approach" that an employee, if the unsuccessful party, should not be required to pay attorneys' fees, while an employer, if unsuccessful, should always pay fees).
 
 
 36
 We conclude that the district court considered the relevant factors in awarding attorneys' fees, and did not abuse its discretion.
 
 V
 Attorneys' Fees on Appeal
 
 37
 Under Arizona law, a successful party may recover its attorneys' fees on appeal in cases arising out of contract. Ariz.Rev.Stat.Ann. § 12-341.01; Wagenseller v. Scottsdale Memorial Hosp., 710 P.2d 1025, 1046-50 (1980). An award of attorneys' fees on appeal is completely discretionary, and we decline to award appellate attorneys' fees.
 
 CONCLUSION
 
 38
 We affirm the district court's grant of summary judgment in favor of Citizens, its denial of the motions for a new trial and to amend the judgment, and its award of Citizens' attorneys' fees below. We decline to award attorneys' fees on appeal.
 
 
 39
 AFFIRMED.
 
 
 
 *
 The Honorable B. Lynn Winmill, United States District Judge for the District of Idaho, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Had Thurston not failed on statute of frauds grounds, his claim for breach of a two-year contract would have failed based on the parol evidence rule. The parol evidence rule strictly excludes outside evidence that varies or contradicts the written agreement. Taylor v. State Farm Mutual Auto Ins. Co., 854 P.2d 1134, 1137 (Ariz.1993). Here, the parol evidence offered by Thurston--i.e., Avery's oral representations made during the phone conversation--extinguished the meaning of the express at-will/probationary period provision in the letter. Evidence of such contradictory oral representations is not permissible. Accordingly, Thurston's claim for breach of a two-year employment contract would also fail based on the parol evidence rule