FILED

MAY 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARLSSON GROUP INCORPORATED, a Nevada corporation and ANDERS KARLSSON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> LANGLEY FARM INVESTMENTS, LLC, an Arizona Limited Liability Company; et al., <br><br> Defendants - Appellees, <br><br> and <br><br> ACRES4U LAND & DEVELOPMENT LLC, an Arizona Limited Liability Company; et al., <br><br> Defendants. | No. 11-15509 <br><br> D.C. No. 2:07-cv-00457-PGR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted May 16, 2012[]
San Francisco, California

Before: REINHARDT, CLIFTON, and N.R. SMITH, Circuit Judges.

Karlsson Group Incorporated ("Karlsson") appeals the district court's judgment in favor of Langley Farm Investments, LLC ("Langley"), Albert Van Wanger, and others in Karlsson's diversity action. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Under Arizona law, the use of a *lis pendens* cannot provide the basis for an abuse of process claim. *Gray v. Kohlhase*, 502 P.2d 169, 172-73 (Ariz. Ct. App. 1972). Therefore, the district court properly dismissed Karlsson's abuse of process claim as a matter of law, because this claim was based on Langley's use of a *lis pendens*. Karlsson waived its arguments justifying this claim under a theory of duress or extortion. Even if not waived, Karlsson alleges no threats that would justify an argument for duress.

2. As an essential element of an intentional interference claim, Karlsson must prove that Langley acted "improperly" by filing suit to enforce the ACRES4U contract in Arizona's Apache County Superior Court. *See Dube v. Likins*, 167 P.3d 93, 100 (Ariz. Ct. App. 2007). However, Arizona law also

----

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

outlines that the "acted improperly" element cannot be met if Langley brought the law suit in good faith. *See Snow v. W. Sav. & Loan Ass'n*, 730 P.2d 204, 211-13 (Ariz. 1986).

In the underlying state court litigation, the Apache County Superior Court determined that Langley's Apache County Lawsuit was brought in good faith and was not frivolous or brought to harass others. Thus, Karlsson is collaterally estopped from religitating this good faith issue here, because 1) the same issue was "actually litigated in the previous proceeding," 2) "there [was] a full and fair opportunity to litigate the issue," 3) resolution of the good faith issue was "essential to the decision," 4) "there is a valid and final decision on the merits," and 5) "there is a common identity of the parties," given that Karlsson controlled the underlying litigation. *State ex rel. Winkleman v. Ariz. Navigable Stream Adjudication Comm'n*, 229 P.3d 242, 256 (Ariz. Ct. App. 2010). Therefore, the district court correctly determined that Karlsson's intentional interference claims must fail as a matter of law.

**AFFIRMED.**